IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DEVIN ROBINSON,                       )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )          Civil Action No. 24-444-JLH
                                      )
STATE OF DELAWARE,                    )
                                      )
    Defendant.                        )

## REPORT AND RECOMMENDATION

Plaintiff Devin Robinson ("Plaintiff") filed this civil action against the State of Delaware. (D.I. 2)  Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*.  (D.I. 6)  The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons set forth below, the Court recommends that this action be dismissed with prejudice.

## I.      BACKGROUND

In his Complaint, Plaintiff, a Pennsylvania resident, alleges that in February 2023, the "STATE OF DELAWARE" ("State") took action that in some unspecified way violated his constitutional rights, and that the State thereafter sent him an "email extorting [him] for financial gains."  (D.I. 2 at 1, 4)  It appears from the Complaint that the matter may relate to certain "child support cases" that Plaintiff has in the State's Family Court system.  (*Id.* at 2, 5)

## II.     STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. §§ 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal quotation marks and citations omitted), *abrogated on other grounds*, *Talley v. Wetzel*, 15 F.4th 275 (3d Cir. 2021); *see*

*also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

A complaint is not automatically frivolous because it fails to state a claim.  *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).  Rather, a claim is deemed frivolous only where it relies on an "indisputably meritless legal theory or a clearly baseless or fantastic or delusional factual scenario."  *Id.* (internal quotation marks and citations omitted).

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

Plaintiff's Complaint should be dismissed because, *inter alia*, he brings it against the State of Delaware, and thus his claims are barred by the State's Eleventh Amendment immunity. *See MCI Telecommc'n Corp. v. Bell Atl.-Pa.,* 271 F.3d 491, 503 (3d Cir. 2001); *Robinson v. State of Delaware*, Civil Action No. 24-286-JLH, D.I. 8 at 1-2 (D. Del. Nov. 15, 2024). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by a citizen of another state, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Robinson*, D.I. 8 at 1. The State of Delaware has not waived its immunity from suit in federal court. *Brooks–McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Robinson*, D.I. 8 at 1-2. Consequently, the claim against the State has no arguable basis in law or in fact, is frivolous, and

the Court recommends that it be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

*See Robinson*, D.I. 8 at 2.[1]

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that this case be dismissed with prejudice.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  Parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated:  April 2, 2025

_Christopher J. Burke_
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

---

[1]    The result would be the same to the extent the Complaint is construed to also bring a claim against the State's Family Court.  *See Love v. Seitz*, C.A. No. 22-004 (VAC), 2022 WL 2666003, at *2 (D. Del. July 11, 2022).